# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MAUPIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-13-480-JHP-SPS |

## REPORT AND RECOMMENDATION

The claimant David Maupin requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 7, 1954, and was fifty-seven years old at the time of the administrative hearing (Tr. 22, 123). He completed the ninth grade and has worked as a welder (Tr. 50, 145). He alleges that he has been unable to work since August 14, 2010, due to pain and burning in his knees, carpal tunnel syndrome in both hands, bulging and worn discs in his back, and memory loss and confusion (Tr. 144).

## Procedural History

On October 28, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Doug Gabbard, II, held an administrative hearing and determined that the claimant was not disabled in a written opinion dated May 9, 2012 (Tr. 11-17). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had the medically determinable impairments of heart problems, back pain, knee injury, and depression, but that none of these impairments, or combination thereof, had significantly limited his ability to perform basic work-related activities for twelve consecutive months (Tr. 13). The ALJ thus determined that the claimant was not

disabled (Tr. 26).

## Review

The claimant challenges the ALJ's step two findings, arguing that: (i) the ALJ improperly discounted the weight of the opinion of his treating physician, Dr. Donna Shipley; (ii) the ALJ erred in failing to find his impairments related to his back, knees, and walking were severe impairments; (iii) the ALJ erred in his credibility analysis; and (iv) the ALJ failed to fully develop the record. Because the ALJ did fail to properly analyze the evidence with respect to the claimant's impairments, the Commissioner's decision should be reversed and the case remanded to the ALJ for further proceedings.

The medical evidence reflects that the claimant underwent carpal tunnel surgery on his right wrist on December 22, 2009 (Tr. 212). On August 14, 2010, he complained of knee pain, was wearing two knee braces, and underwent an injection in his right knee (Tr. 221). The claimant received treatment at IMWell Health Clinic in 2009, during which time he reported, *inter alia*, musculoskeletal back pain, and on June 30, 2009 was assessed with intervertebral disc degeneration and referred to a neurosurgeon (Tr. 263, 260). A June 2009 study of the claimant's lumbar spine revealed no acute osseous abnormality of the lumbar spine, but a lumbar spine MRI revealed very mild posterior element hypertrophy and degenerative disc change L3-4; degenerative disc changes L4-5 with moderate posterior element hypertrophy, mild disc bulge and very mild left lateral recess stenosis without nerve root compression (Tr. 278, 281). Treating physician Dr. Shipley completed a medical source statement (MSS) of the claimant's ability to perform

work-related activities. She indicated that the claimant could sit two hours total in an eight-hour workday, not stand at all, and walk two hours in an eight-hour workday; that he could reach, but could not handle/grasp, push/pull, or perform fine manipulation; and could only occasionally reach overhead but never bend, squat, crawl, climb, stoop, crouch, and kneel (Tr. 246). She further indicated that he could handle only occasional environmental exposure, that he would need to take unscheduled breaks, lie down at unpredictable times, and that his symptoms and pain would interfere with his ability to perform work, including absence more than four times a month (Tr. 347). She noted that the claimant would need to elevate his feet during the day, and need a cane as an assistive device (Tr. 347).

Consultative examiner Jimmie W. Taylor, M.D., examined the claimant on January 21, 2011 (Tr. 286). He noted the claimant had bulging disc and lumbar deterioration, and sometimes needing help with daily activities (Tr. 286). Both heel and toe walking were 1/5 rather than the normal 5/5, his tandem walk was 3/5, and he also had some decreased range of motion in his back (Tr. 287, 292). His impression was that the claimant had degenerative disc disease/degenerative joint disease of the low back, degenerative joint disease of the right ankle, degenerative joint disease of the knees, hypertension, hyperlipidemia, obesity, depression, coronary artery disease, and carpal tunnel syndrome (Tr. 288). A state reviewing physician found that the claimant could perform the full range of medium work (Tr. 310).

At the administrative hearing, the claimant testified that he has back pain and shooting pain down his legs, and that his doctors had diagnosed it as chronic back pain (Tr. 27). He testified that he was fired from his last job because he missed a lot of work due to his back pain (Tr. 29). He further stated that he has difficulty balancing, stooping, kneeling, crouching, and crawling, and that he can only do those things "one or two times" and then he would have to lay down (Tr. 31). He estimated that in an eight-hour period during the day, he is lying down approximately six and a half hours a day, and that he cannot lift a full gallon of milk (and that he buys half gallons for that reason) (Tr. 33). When asked if he has to elevate his legs, he stated that he did so about four hours every day (Tr. 42). He stated that he underwent carpal tunnel surgery in December 2009 and that it did not help, but that he had received no further treatment for carpal tunnel-related problems since then (Tr. 33-34). He also stated that his depression caused him problems and that he had difficulty getting along with people (Tr. 35). He testified that he started using a cane, and that his treating physician told him to keep using it to help him stand up, get down, and balance (Tr. 44).

The claimant argues that the ALJ erred at step two of the sequential analysis by failing to find his back and knee impairments were severe impairments. A claimant has the burden of proof at step two to show that he has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 146-147 (1987). This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*,

373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimus* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352. In this case, the claimant was treated a number of times for his back pain, knee pain, and carpal tunnel syndrome, and assessed with degenerative disc disease. The Court is satisfied that this meets the claimant's *de minimus* burden of showing a severe impairment at step two. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("The evidence . . . showed that she . . . had a consultation with a rheumatologist, Dr. Booth, for purposes of evaluating arthritis. He found that she had some osteoarthritis of the knees. He noted pain in her other joints but could not definitively assign an etiology to the pain at that time. Thus, under a *de minimus* standard, the ALJ's finding that arthritis was not a medically determinable impairment appears to be unsupported by substantial evidence.") [citations omitted].

Because the claimant met his burden of showing a severe impairment at step two, the decision of the Commissioner should be reversed and the case remanded for further

analysis. Upon remand, the ALJ should evaluate the claimant's impairments, singly and in combination, in accordance with § 404.1520a(c)(3).

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**